UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, and THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION,

        Plaintiffs,

  -v-                                              No.  17 CV 8207-LTS-BCM

OGEE CONSTRUCTION, LLC and
BERKLEY INSURANCE COMPANY,

        Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

Plaintiffs Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the New York City and Vicinity Carpenters Labor-Management Corporation (collectively "Plaintiffs"), bring this civil action for recovery of unpaid employer contributions against Defendants Ogee Construction, LLC ("Ogee"), and Berkley Insurance Company ("Berkley") pursuant to, among other things, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. §§ 1132 and 1145 ("ERISA").[1]  Plaintiffs initiated this action on October 25, 2017.  Ogee has not appeared or otherwise responded to the claims asserted against it in this action.

The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185(a) and 1132(e)(1).  Plaintiffs now move, pursuant to Federal Rule of Civil Procedure 55(b)(2), for entry of a default judgment against Ogee for violation of ERISA section 515.  (Docket entry no. 30.)  The Court has considered Plaintiffs' submissions carefully and, for the following reasons, Plaintiffs' unopposed motion is granted.

## DISCUSSION

In determining whether to grant a motion for default judgment, courts within this district first consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Indymac Bank, F.S.B. v. National Settlement Agency, Inc., 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (internal citation omitted).  The Court finds that all three of the foregoing factors weigh in Plaintiffs' favor.  First, Ogee's failure to appear and respond to Plaintiffs' Complaint and the instant motion is indicative of willful conduct.  See Indymac Bank, F.S.B., 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a complaint or motion for default judgment indicate willful conduct).  Second, because Ogee has failed to appear, there is also no information before the Court indicating that Ogee has any meritorious defense to Plaintiffs' claims.  Finally, the Court finds that, in light of the considerable amount of time that

---

[1]  All claims against Berkley have been dismissed pursuant to the parties' October 15, 2018, stipulation.  (See docket entry no. 41.)

has elapsed since Plaintiffs filed the Complaint, Plaintiffs will be prejudiced if they are denied the ability to seek judgment by default.

Having found that these factors favor Plaintiffs, the Court must determine whether Plaintiffs have pleaded facts supported by evidence sufficient to establish Ogee's liability under ERISA section 515.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (reviewing sufficiency of complaint and inquest record after finding of default).  "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability" except those relating to damages.  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  Here, Plaintiffs have pleaded facts supported by evidence sufficient to establish Ogee's liability with respect to their ERISA claim.  Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C.S. § 1145 (LexisNexis 2011).  Plaintiffs have sufficiently pleaded that, at all relevant times, Ogee was "obligated to make contributions," including fringe benefit contributions, promotional funds, and union dues, in accordance with the terms of the Collective Bargaining Agreement ("CBA") it executed with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union"), and that Ogee failed to fulfill these obligations between January 31, 2017 and September 26, 2017.  (See docket entry no. 1, the "Compl." ¶¶ 11-12, 16-18; see also docket entry no. 31, Powers Decl. Ex. A, art. XV § 1, art. XVIII, Ex. F.)  In support of these well-pleaded allegations, Plaintiffs proffer the applicable CBA and uncontroverted certified payroll and audit records for the time period at issue, which identify Ogee's delinquency and delineate Ogee's failure to remit fringe benefit contributions, dues

checkoffs, and promotional funds. (See Powers Decl. Exs. A, F, G, H.) Thus, the Court finds that Plaintiffs have pleaded facts supported by evidence sufficient to establish Defendant's liability under section 515 of ERISA for unpaid contributions in the amount of $75,347.07 in fringe benefit contributions, $1,729.92 in dues checkoffs, and $130.44 in promotional funds.

In addition to these unpaid contributions, Plaintiffs seek prejudgment interest and liquidated damages on unpaid fringe benefit contributions in the amount of $2,598.22 and $15,069.41, respectively. (See Powers Decl. Ex. F.) The Court finds that Plaintiffs have sufficiently proffered a factual basis for these calculations, and that Plaintiffs are entitled to prejudgment interest and liquidated damages in these amounts pursuant to ERISA sections 502(g)(2)(B), 502(g)(2)(C), and the terms of the CBA. The Court also grants Plaintiffs' request for post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961.

Finally, Plaintiffs seek to recover $6,181 in attorneys' fees and $518.19 in costs. Under section 502(g)(2)(D) of ERISA, courts are authorized to award reasonable attorney's fees and costs of the action. Ogee also agreed in the CBA to pay reasonable attorneys' fees and costs in the event Plaintiffs prevailed in a litigation to enforce the CBA. (See Powers Decl. Ex. A, art. XV § 6.) Plaintiffs proffer contemporaneous time records that specify the date, hours expended, and nature of the work done for each attorney who has prosecuted this action, as well as an itemized list of costs incurred in the prosecution of this action. (See docket entry no. 32, Vinyard Decl. Ex. 4.) The $225-350/hour rate is reasonable in light of other attorneys' fee awards in ERISA actions granted in this district. See Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers, Local 15, 15A, 15C, and 15D, AFL-CIO v. Eastport Excavation & Utilities Inc., 3 F. Supp. 3d 204, 218-22 (S.D.N.Y. 2014) (granting attorneys' fees application based on a $325/hour rate). The Court has

reviewed carefully the Plaintiffs' proffered records and finds that Plaintiffs' request is reasonable and adequately supported by documentation. Accordingly, the Court awards Plaintiffs $6,181 in attorneys' fees and $518.19 in costs.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion for a default judgment is granted. Plaintiffs are hereby awarded $101,574.25, representing delinquent fringe benefit contributions of $75,347.07, interest thereon of $2,598.22, liquidated damages of $15,069.41, unpaid promotional funds of $130.44, unpaid due checkoffs of $1,729.92, and attorneys' fees and costs of $6,699.19. Interest will accrue on the judgment at the rate set forth in 28 U.S.C. § 1961. The Clerk of Court is respectfully directed to enter judgment accordingly and to close this case. This Memorandum Order resolves docket entry no. 30.

SO ORDERED.

Dated: New York, New York
November 9, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge